IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOSHUA ALBERTO RODRIGUEZ,<br><br>Defendant/Movant. | CR 14-96-GF-BMM<br>CV 16-31-GF-BMM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

This case comes before the Court on Defendant/Movant Rodriguez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Rodriguez is a federal prisoner proceeding pro se.

**I. Preliminary Review**

The motion is subject to preliminary review before the United States is required to respond. The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J.,

1

concurring) (referring to Rules Governing § 2254 Cases). It reamins the duty of the Court "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Rodriguez was charged with 19 other defendants in a 24-count indictment alleging crimes involving drugs, firearms, and money laundering. Rodriguez was charged with conspiracy to possess with intent to distribute, and to distribute, at least 500 grams of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); possession of at least 50 grams or more of actual methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 5); conspiracy to possess firearms in furtherance of federal drug trafficking crimes alleged in Counts 1 through 13, a violation of 18 U.S.C. § 924(c) and (o) (Count 14); possession of multiple firearms in furtherance of the drug trafficking crimes alleged in Counts 1 and 5, a violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) (Count 20); and conspiracy to launder money, a violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count 23). Indictment (Doc. 26). If convicted of all counts, Rodriguez faced a mandatory minimum sentence of ten years in prison and a maximum sentence of life in prison. CJA counsel Palmer

Hoovestal was appointed to represent Rodriguez. Order (Doc. 13).

On February 10, 2015, Rodriguez pled guilty to Counts 1, 14, and 23—that is, the three conspiracy counts—and admitted the forfeiture counts. At the change of plea hearing, Rodriguez agreed the United States could introduce evidence to support its offer of proof. *See* Change of Plea Tr. (Doc. 778) at 37:15-45:5; Offer of Proof (Doc. 427) at 8-12.

A presentence report was prepared. Rodriguez was held responsible for the equivalent of 30,000 to 90,000 kilograms of marijuana, for a base offense level of 36. He received two two-point enhancements for possession of a firearm and for his money-laundering conviction. He received a four-point enhancement because he was an organizer or leader in the conspiracy. He received a three-level reduction for acceptance of responsibility. His total adjusted offense level was 41. Presentence Report ¶¶ 66-76. With a criminal history category of II, his advisory guideline range was 360 months to life. Presentence Report ¶¶ 81, 106.

On May 7, 2015, Hoovestal moved to withdraw as counsel due to an irretrievable breakdown in his ability to communicate with Rodriguez. The Court granted the motion and appointed Kathleen DeSoto in Hoovestal's stead. Mot. to Withdraw (Doc. 675); Orders (Docs. 677, 689).

To avoid sentencing disparities with Rodriguez's co-defendants, the Court granted the United States' motion to vary downward two levels to negate the

money laundering enhancement. *See* Sentencing Tr. (Doc. 779) at 5:24-6:7; Plea Agreement (Doc. 428) at 23 ¶ 6 para. 2. The Court also varied downward to reach a reasonable sentence. Statement of Reasons (Doc. 761) at 3 ¶¶ VI(C), (D). Rodriguez was sentenced to a total term of 270 months in prison, to be followed by five years' supervised release. Judgment (Doc. 760) at 2-3; Minutes (Doc. 759).

Rodriguez appealed. His conviction was affirmed and his appeal as to his sentence was dismissed as waived by the plea agreement. Memorandum (Doc. 814) at 2, *United States v. Rodriguez*, No. 15-30185 (9th Cir. Apr. 1, 2016); Plea Agreement at 24 ¶ 8.

Rodriguez timely filed his § 2255 motion on March 25, 2016. 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); Mot. § 2255 (Doc. 815) at 13.

### III. Claims and Analysis

All of Rodriguez's claims relate to his sentence. He contends counsel provided ineffective assistance because she failed to challenge the leader/organizer role enhancement, as well as the two-point enhancement for possession of a firearm. He also claims that the Court should have asserted a violation of his rights under the Confrontation Clause. He asks the Court to apply retroactively a recent amendment to U.S.S.G. § 3B1.2. Rodriguez's claims are reorganized here, but all are addressed.

4

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Rodriguez must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

**A. Evidence vs. Elements**

A threshold issue should be addressed first. Throughout his motion and memorandum, Rodriguez argues that the Supreme Court's decisions in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), prioritize evidence over elements and have some bearing on his case. *See, e.g.*, Mot. § 2255 (Doc. 815) at 5 Ground Two; Mem. in Supp. (Doc. 16) at 7, 16.

Neither assertion proves correct. The elements of any offense must be established by evidence. Elements and evidence stand inseparable. To the extent Rodriguez believes *Johnson* or *Alleyne* say otherwise, he misunderstands those cases.

Neither *Johnson* nor *Alleyne* address issues presented in Rodriguez's case.

5

Rodriguez's sentence did not depend on whether a previous conviction could properly be characterized as a "violent felony" or "crime of violence." *See, e.g.*, *Johnson*, 135 S. Ct. at 2555-57. *Alleyne* held that "any fact that increases the mandatory minimum [sentence] is an 'element.'" *See Alleyne*, 133 S. Ct. at 2155. Rodriguez's mandatory minimum sentence was set by the drug quantity for which he was responsible. *See* 21 U.S.C. § 841(b)(1)(A) & (viii).

Rodriguez admitted at the time that he entered his guilty plea that he was responsible for 50 or more grams of pure methamphetamine, or 500 grams or more of a substance containing methamphetamine. *See* Change of Plea Tr. (Doc. 778) at 44:23-45:5. The decisions made at sentencing "affected neither the statutory maximum sentence nor any mandatory minimum sentence; thus, neither *Apprendi* nor *Alleyne v. United States* is implicated." *United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014) (citing *Alleyne*, 133 S. Ct. at 2163, and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The Court declines to consider claims relating to or purporting to rely on *Johnson* or *Alleyne* or a purported emphasis on evidence over elements.

**B. Confrontation Clause**

Rodriguez contends that counsel should have "moved to suppress" hearsay statements at sentencing. *See, e.g.*, Mot. § 2255 at 4 Ground One, 8 Ground Four; Mem. at 9, 28.

The Federal Rules of Evidence do not apply at sentencing, Fed. R. Evid. 1101(d)(3), and, in formulating the sentence, courts may consider a wide range of information without violating due process, *see Williams v. New York*, 337 U.S. 241, 244-47, 252 (1949).  It is possible that hearsay might not provide sufficient support for an enhancement, *see, e.g.*, *United States v. Reyes-Oseguera*, 106 F.3d 1481, 1484 (9th Cir. 1997), but hearsay is not prohibited.  On the other hand, a defendant has a right not to be sentenced on materially incorrect information, and hearsay must be accompanied by some indicia of reliability.  *See United States v. Littlesun*, 444 F.3d 1196, 1198-1201 (9th Cir. 2006); *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993).

Rodriguez claims that counsel failed to move to exclude "statements presented as formal testimony" on the grounds that "there existed no support or substantiation for such co-defendant, co-conspirator, or confidential informant statements" as were relayed by the detective.  Mem. (Doc. 816) at 9.  Even were the Confrontation Clause to apply, co-conspirator or confidential-informant statements need not be substantiated by other evidence.  These statements simply must be given in person and under oath, subject to cross-examination.  When such statements are permissibly used as hearsay at sentencing, as noted, they must be accompanied by some other evidence tending to show they are reliable.

Rodriguez entered a guilty plea.  The only formal testimony to which he

could be referring is Detective Gange's testimony at sentencing. Gange did not directly report what other people said about Rodriguez. Gange discussed other kinds of evidence: traffic stops of vehicles rented by Rodriguez, but occupied by others; Rodriguez's fronting of methamphetamine to various sellers; Rodriguez's retention of most of the profit and directions to others to deposit money in his Wells Fargo account; Rodriguez's eventual "protection" by Ocegueda-Ruiz, and his direction to Martin Leland, an otherwise highly-placed member of the conspiracy, as well as other persons, to purchase firearms for Rodriguez and other members of the conspiracy who were not able to purchase firearms themselves. *See generally* Sentencing Tr. (Doc. 779) at 8:6-23:22; *see also* Presentence Report ¶¶ 15-60; Offer of Proof (Doc. 427) at 8-12 & n.1.

No Confrontation Clause violation or due process violation occurred under the circumstances here. Rodriguez does not allege that the information supporting his sentence was materially incorrect; he merely claims that counsel should have challenged its reliability. Any objection counsel might have made likely would have been overruled. Rodriguez's allegations do not support an inference that counsel's performance was unreasonable, and no reasonable probability exists that he would have received a lesser sentence if counsel had objected. Neither prong of the *Strickland* test has been met. This claim is denied.

### C. Leader/Organizer

Among other things, a four-level enhancement under U.S.S.G. § 3B1.1(c) is appropriate where "the defendant [has] the necessary influence and ability to coordinate the behavior of others so as to achieve the desired criminal result." *United States v. Doe*, 778 F.3d 814, 826 (9th Cir. 2015). As briefly set forth above, Rodriguez gave directions to others. Moreover, although counsel objected both before and at sentencing, *see* Sentencing Mem. (Doc. 754) at 6; Sentencing Tr. at 6:15-25, 25:11-29:18, the Court overruled the objection. Neither prong of the *Strickland* test has been met. This claim, *see, e.g.*, Mot. § 2255 at 4 Ground One, 5 Ground Two; Mem. at 15-16, is denied.

### D. Firearms Enhancement

At the change of plea hearing, Rodriguez admitted that he "recruited people in Montana to purchase firearms . . . because . . . other co-conspirators were prohibited from purchasing and possessing firearms." Change of Plea Tr. (Doc. 778) at 42:9-14. Sufficient evidence exists to establish the predicate offense for Count 14 and to support a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). *See also* Presentence Report ¶¶ 20, 22, 26, 27, 56, 58 (describing co-conspirators' possession of firearms in furtherance of drug trafficking); U.S.S.G. §§ 1B1.3(a)(1)(B), 2D1.1 Application Note 11 (2016).

Neither prong of the *Strickland* test has been met. This claim, Mot. § 2255

at 4 Ground One, 5 Ground Two, 7 Ground Three; Mem. at 19-20, 22-24, is denied.

   **E.  Amendment of Role Adjustment Guideline**

On November 1, 2015, the Sentencing Commission amended the commentary to U.S.S.G. § 3B1.2 to broaden the circumstances supporting a downward adjustment for a defendant who plays a minor role in the offense. *See* U.S.S.G. § 3B1.2 Application Note 3 (Nov. 1, 2015). Rodriguez asks the Court to reconsider his sentence under the new commentary with a minor role reduction. The amendment was enacted after Rodriguez was sentenced. He nevertheless would be entitled to its application, if warranted, because his case was pending on direct appeal until April 2016. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The evidence established that Rodriguez occupied a leader or organizer role as contemplated by the sentencing commission. Even if he were not designated a leader or organizer, he identifies no evidence to support a *reduction* of his offense level on the grounds that he played a minor or mitigating role. Counsel provided no ineffective assistance for failing to seek a remand on appeal when the evidence does not support a role reduction. *See, e.g.*, *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). Neither prong of the *Strickland* test has been met. This claim, *see* Supp. (Doc. 822) at 1, is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Confrontation Clause does not apply. The enhancements applied in his advisory guideline calculations, including those for leader/organizer role and possession of firearms, were supported by sufficient evidence. No reason exists to suppose that he could have obtained a reduction in his offense level under the revised U.S.S.G. § 3B1.2. Reasonable jurists would find no reason to encourage further proceedings. A COA is not warranted on any issue.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Rodriguez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 815, 816, 822) is DENIED for lack of merit.

2. A certificate of appealability is DENIED. The clerk shall immediately

process the appeal if Rodriguez files a notice of appeal.

    3. The clerk shall ensure that all pending motions in this case and in CV 16-31-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Rodriguez.

    DATED this 15th day of December, 2016.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge