IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JOSHUA ALBERTO RODRIGUEZ,**<br><br>Defendant. | **Cause No. CR 14-96-GF-BMM**<br><br><br>**ORDER** |

## BACKGROUND

Joshua Alberto Rodriguez moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 1058.) Rodriguez is currently serving a sentence of 270 months for conspiracy to possess with intent to distribute methamphetamine, conspiracy to possess firearms in furtherance of the commission of a drug trafficking crime, and conspiracy to commit money laundering. (Doc. 760.) Rodriguez has served approximately 93 months of his sentence. (Doc. 1059 at 5.) Rodriguez's scheduled release date is November 28, 2033. *See* Inmate Locator, www.bop.gov/inmateloc (accessed July 11, 2022).

Rodriguez is currently incarcerated at Terminal Island FCI. *Id.* Terminal Island FCI is operating at a Level 3 Modified Operational Level as a result of a nationwide surge of COVID-19 cases resulting from the Omicron variant. *See*

1

Modified Operational Levels, www.bop.gov/coronavirus/ (accessed July 11, 2022). Terminal Island FCI has 0 inmates and 6 staff members currently dealing with COVID-19 and has had 532 inmate and 121 staff member COVID-19 cases throughout the course of the pandemic. *See* COVID-19 Cases, www.bop.gov/coronavirus/ (accessed July 11, 2022).

## I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Rodriguez's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law

instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the

terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective,

4

a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." (emphasis in original)); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at

*4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Rodriguez's sentence.

## II. Whether Rodriguez has Demonstrated Extraordinary and Compelling Reasons

Despite this Court's determination that it has discretion to provide relief, Rodriguez still must demonstrate that extraordinary and compelling reasons support a reduction of his sentence. *Maumau*, 2020 WL 806121 at *5. Rodriguez has cited in support of his motion the COVID-19 pandemic and the changes to sentencing laws since the time of his judgment. The Court determines that extraordinary and compelling reasons exist to reduce Rodriguez's sentence, but not to grant Rodriguez's motion for compassionate release effective immediately.

With respect to Rodriguez's concerns regarding the COVID-19 pandemic, the

Court has consistently noted that correctional facilities create a high-risk environment for the spread of COVID-19, which poses a particular danger to prisoners with pre-existing conditions. *See For People Living in Prisons and Jails*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (accessed July. 11, 2022). A prisoner's history of substance abuse, when considered alongside the heightened risk of contracting COVID-19 in a prison setting, can constitute an extraordinary and compelling reason for compassionate release. (Doc. 101-1 at 12–14, No. 2:15-CR-00118-KJM (E.D. Cal. 2021).) Rodriguez has a BMI of 32 and his weight issues create higher risk from COVID-19. (Doc. 1058 at 4.) The Court determines that COVID-19 poses a continued risk to Rodriguez's health. In light of the Covid-related concerns for Rodriguez's health, the Court will reduce Rodriguez's sentence to 222 months.

Reducing Rodriguez's sentence to a total of 222 months comports with the 3553(a) sentencing factors. Rodriguez faced an adjusted offense level of 35 and was a criminal history category II. (Doc. 762 at 13-14.) Rodriguez was given a 2-point enhancement for possession of a firearm, a 2-point enhancement for laundering drug proceeds, and a 4-point enhancement for being an organizer/leader of the criminal activity. *Id.* at 12. These enhancements elevated his offense level to 41 and a guideline range of 360 months to life. The Court has applied similar sentences to

Rodriguez's reduced sentence where the defendant faced a similar guideline range. *See, e.g.*, *United States v. Alvarado*, 4:14-CR-00096-BMM-1, Doc. 690 (196 months); *United States v. Yallup*, 4:14-CR-00096-BMM-19, Doc. 709 (125 months).

Accordingly, **IT IS ORDERED**:

Rodriguez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Rodriguez's sentence to a total period of 222 months.

DATED this 14th day of July, 2022.

_____
Brian Morris, Chief District Judge
United States District Court